IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| ERIQUE RICHARDSON, | ◊ ◊ ◊ | |
| Plaintiff, | ◊ ◊ | |
| vs. | ◊ ◊ | No. 11-2175-JDT/cgc |
| T. JONES, et al., | ◊ ◊ ◊ | |
| Defendants. | ◊ ◊ | |

ORDER DENYING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT

Plaintiff Erique Richardson has filed a request for entry of default against Defendants Abdullah and A.L. Woody [DE# 28]. The request is DENIED.

Plaintiff states in his request that Defendants have neither answered nor "otherwise defended" against his complaint. To the contrary, Defendants filed a motion for summary judgment and/or motion to dismiss on September 7, 2012. Plaintiff is aware of these motions and has filed a "rebuttal" to the affidavits of Defendants [DE# 27].

A defendant may respond to a complaint in ways other than filing an answer. Phelps v. American General Fin'l. Servs., 2008 WL 3978318 * 3 (E.D. Mich. 2008). For example, filing a motion to dismiss satisfies Rule 55(a)'s responsive pleading or defending requirement, Sandoval v. Bluegrass Reg'l Mental Health–Mental Retardation Bd., 2000 WL 1257040 *5 (6th Cir. 2000), as does filing a motion for summary judgment. Siegel v.

Deutsche Bank Nat'l. Trust Co., 2009 WL 2868225 (D. Neb. 2009); Blount v. Mansfield, 2008 WL 4822167, *2 (E.D. Mich. 2008). See also Amerisource Bergen Drug Corp. v. Hallmark Pharmacies, Inc., 2007 WL 2908853, *1 (S.D. Ohio 2007) (filing a motion for leave to file late answer defeated motion for default); Torrance v. Decision One Mortgage Co., 2009 WL 174976, *1 (S.D. Ohio 2009) (motion for leave to file responsive pleading qualified as otherwise defending). "A party may avoid the entry of default if it demonstrates that it 'intends to defend the suit.' In making this determination, 'courts now look beyond the presence or absence of [ ] formal actions to examine other evidence of active representation.'" Jervis B. Webb Co. v. Kennedy Group, 2007 WL 2951396, at *1 (E.D. Mich. 2007) (citations omitted).

In his affidavit [DE# 28-1], Plaintiff alleges that Defendants have failed to familiarize themselves with the Federal Rules of Civil Procedure. Instead, it appears that Plaintiff is the one who has failed to familiarize himself with the Federal Rules. Plaintiff is cautioned that making unfounded statements about his opposing party could lead to sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

   s/ **James D. Todd**  
JAMES D. TODD  
UNITED STATES DISTRICT JUDGE